United States District Court
Southern District of Texas

**ENTERED**

July 17, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Edwin Manuel Rodriguez Rivas, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2493 |
| | § | |
| Grant Dickey, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Edwin Manuel Rodriguez Rivas is a native and citizen of Honduras charged with illegally entering the United States in 2007. Docs. 1 ¶¶ 27–28, 12-1. Following an arrest for driving while intoxicated—a charge to which he eventually pleaded guilty—Petitioner was detained on May 28, 2017, by the Department of Homeland Security and charged as a removable alien. Docs. 1 ¶ 29, 12-1 at 1–7. He was subsequently released on bond pending removal proceedings. Doc. 12-1 at 18. On January 7, 2026, DHS re-detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center, in Conroe, Texas. Doc. 1 ¶ 40. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention[1] without a bond hearing violates (i) substantive due process; (ii)

---

[1] To the extent Petitioner argues that his *re-detention* itself violates the Fifth Amendment's Due Process Clause, Doc. 1 ¶¶ 81–82, this Court has previously concluded that DHS is not bound by the immigration enforcement actions and omissions of past administrations. *See Portillo de Marquez v. Mullin*, No. 4:26-cv-2073, at 3 (S.D. Tex. July 14, 2026). Likewise, the Court has considered and rejected challenges to redetention as "arbitrary and capricious" government action,

procedural due process; and (iii) the Central District of California's holding in *Maldonado Bautista v. Noem*, No. 5:25-cv-01873, 2026 WL 639921 (C.D. Cal. Feb. 25, 2026).

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 12, to which Petitioner has responded in opposition, Doc. 13. Respondent maintains that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during his removal proceedings. *See* Doc. 12; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)). The Court has also held that it is neither bound by, nor inclined to follow, the Central District of California's opinion in *Maldonado Bautista v. Noem. See Leon-Fernandez v. Frink*, No. 4:26-cv-2130 (S.D. Tex. July 15, 2026).

---

*See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 at *4 n.4 (S.D. Tex. June 23, 2026). Deferred action does not confer an enforceable right to remain in the United States. *See Texas v. United States*, 809 F.3d 134, 148–49 (5th Cir. 2015).

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 17th of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge